## NATHANIEL HOGGATT v. JOHN O. FERRALL.

1. Writs of error : in whose name prosecuted : summons and severance.—Wherever there are more defendants than one in a judgment, a writ of error must be prosecuted in the name of all, and one defendant may use the names of his co-defendants in suing out the writ of error, without first obtaining their consent.   When the case is brought to the High Court of Errors and Appeals, if all the defendants will not join in assigning errors and prosecuting the suit, the one assigning errors may have a summons issued to his co-defendants to join him in the prosecution of the writ of error, and if they fail to appear, have an order of severance and prosecute alone.

Error to the Circuit Court of Carroll county.   Hon. Wm. Cothran, judge.

No brief of counsel on file.

Nathaniel Hoggatt *v.* John O. Ferrall.

PEYTON, J., delivered the opinion of the court.

The defendant in error recovered judgment in the Circuit Court of Adams county against the plaintiff in error and Patrick O. Ferrall, for the sum of $2,420.71. To revise which judgment the cause is brought to this court by writ of error sued out in the name of the plaintiff alone.

The plaintiff in error moves the court here for a writ of summons and severance to Patrick O. Ferrall, his co-defendant in the judgment.

We have decided at the present term of this court, in the case of *Whitworth and Troup.* v. *David G. Carter*, administrator of the estate of Richard Hutchinson, deceased, that wherever there are more defendants than one in a judgment, all their names must be in the writ of error, or it will be quashed. If one party alone wishes to prosecute, he may do so, but the writ must be in the name of all; and when the case is brought up, if they will not join in assigning errors and prosecuting the suit, he may have a summons and severance and prosecute alone. And it is competent for one who considers himself aggrieved by a judgment against him, to use the names of his co-defendants in suing out a writ of error, without first obtaining their consent. The writ should agree with the record, and if it does not, it will be quashed for the variance. *Jaques* v. *Cesar*, 2 Saunder's Rep. 101; *Borden* v. *The State*, 3 Eng. 399. And unless all the parties are named in the writ of error, we apprehend that a summons and severance cannot properly be had, and the writ will be quashed for the additional reason of the inconvenience that would result from allowing every defendant to bring a writ of error by himself, which would greatly protract litigation, and by that means delay the plaintiff from enjoying the fruits of his judgment, though it should be affirmed once or oftener.

Entertaining these views of the law upon this subject, we are of opinion that all the parties must join in the writ of error, or else it will be quashed at the mere motion of the court.

In this case the writ of error having been sued out in the

name of one only of the defendants in the judgment below, must for that reason be quashed, a new trial of error issued here and filed with the record, and a writ of summons and severance issue.